UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| KARL M. SCHENK and<br>DR. NANCY SCHENK, Husband and Wife,<br><br>Plaintiffs,<br><br>-vs-<br><br>ROBERT L. CHAVIS, individually, and in<br>his official capacity as Yankton County,<br>South Dakota States Attorney,<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | CIV. 03-4237   **FILED**<br><br>SEP 2 0 2006<br><br>ORDER  [signature]<br>                    CLERK |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

On January 27, 2005, the Court issued its Order granting in part and denying in part Defendant's motion for summary judgment. The Defendant appealed that portion of the order which denied summary judgment. On August 25, 2006, the Eighth Circuit Court of Appeals issued its decision. The Eighth Circuit found this Court's decision addressed the assertions Defendant Chavis made in the criminal complaint (as opposed to the *affidavit of probable cause*) in the underlying action against Karl Schenk. The Eighth Circuit held the acts of preparing, signing and filing a criminal complaint constitute prosecutorial functions and as such, Defendant Chavis's filing of the criminal complaint in the underlying case constitutes a prosecutorial function which is entitled to absolute immunity from § 1983 liability. See Schenk v. Chavis, 2006 WL 2456368 (8th Cir. S.D. Aug. 25, 2006). As such, the Eighth Circuit reversed and remanded for further proceedings. Id. The Eighth Circuit specifically declined to address whether Defendant Chavis would be entitled to absolute or qualified immunity regarding his actions in signing the *affidavit of probable cause*. The Eighth Circuit found Defendant Chavis's liability regarding the probable cause affidavit was not specifically asserted by the Plaintiff's original Complaint in this Court, nor addressed by this Court's summary judgment decision. Id. at * 2. The mandate of the Eighth Circuit was filed in the District Court on September 18, 2006 (Doc. 85).

On September 13, 2006, after the Eighth Circuit issued its opinion, but before the mandate was filed, the Plaintiff Karl Schenk moved to amend his Complaint (Doc. 82) to allege a cause of action asserting Defendant Chavis violated Schenk's constitutional rights under 42 U.S.C. § 1983 when Chavis filed the *affidavit of probable cause* in the underlying criminal action against Schenk.

Plaintiff Schenk also seeks to assert a cause of action for defamation regarding the statements Chavis made in the affidavit of probable cause.

Normally, opposing parties have twenty (20) days after service of a motion in which to file responsive briefs in opposition. See Local Rule 7.2. The moving party then has ten (10) days to file a reply brief. Id. In this instance, however, Plaintiff filed his motion before the mandate was filed. Generally, a federal district court and a federal court of appeals should not assert jurisdiction over a case simultaneously. Once a notice of appeal is filed, the district court is divested of jurisdiction over those aspects of the case involved in the appeal. United States v. Ledbetter, 882 F.2d 1345, 1347 (8th Cir. 1989). Issuance of the mandate formally marks the end of appellate jurisdiction, and return of the district court's authority to act. Jonhson v. Bechtel Assoc., 801 F.2d 412, 415 (D.C. Cir. 1986).

Therefore, IT IS ORDERED:

(1) Defendant shall file a response to Plaintiff's Motion to Amend Complaint on or before Tuesday, October 10, 2006.

(2) Plaintiff shall file a reply to Defendant's Response on or before Tuesday, October 24, 2006.

Dated this 20th day of September, 2006.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, Clerk

By _Sharon Suro_, Deputy

2