UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| KARL M. SCHENK & DR. NANCY SCHENK, Husband and Wife, | * * * | CIV. 03-4237 |
| Plaintiffs, | * * * | |
| -vs- | * * | MEMORANDUM OPINION AND ORDER |
| ROBERT L. CHAVIS, Individually and in his Official Capacity as Yankton County South Dakota States Attorney, | * * * * | |
| Defendant. | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending is Plaintiff Karl Schenk's Motion for Leave to File Amended Complaint (Doc. 82). After remand from the Eighth Circuit Court of Appeals, the matter has been fully briefed.

**PROCEDURAL HISTORY**

Plaintiff Karl Schenk and his wife Nancy filed this lawsuit on October 15, 2003. They claimed Defendant, Robert Chavis, violated Karl Schenk's civil rights pursuant to 42 U.S.C. § 1983 and that as a result, Mrs. Schenk suffered loss of consortium. The Schenks also brought state-law tort claims for defamation and malicious prosecution. The parties filed their Form 35 Report. Doc. 9. A Rule 16 Scheduling Order was entered on February 26, 2004, (Doc. 12), and was thereafter amended three times pursuant to the request of the parties. (Docs. 14,15, 19,20, 29,32). The initial deadline for adding parties and amending the pleadings (June 1, 2004) was not changed by the subsequent Rule 16 Scheduling Orders. The parties filed cross-Motions for Summary Judgment on October 29, 2004. Docs. 35, 43. On January 27, 2005, Plaintiffs' Motion for Summary Judgment was denied and Defendant's Motion for Summary Judgment was granted in part and denied in part. Doc. 66. Specifically, Defendant's Motion for Summary Judgment was granted in all respects except his actions regarding the "sworn complaint." This Court determined prosecutorial immunity was inapplicable to Chavis's actions regarding the "sworn complaint." See Doc. 66 p. 10, Order at ¶ 1 B.

The Defendant appealed the January 27, 2005 Order denying absolute prosecutorial immunity/summary judgment. Doc. 67. Plaintiffs cross-appealed (Doc. 72) but the cross-appeal was ultimately dismissed (Doc. 77). On August 28, 2006, The Eighth Circuit issued its opinion and on September 18, 2006 it reversed and remanded the case for further proceedings "not inconsistent" with its opinion. In the meantime, Plaintiff Karl Schenk moved to amend his Complaint on September 13, 2006.

## FACTUAL BACKGROUND

The facts of this case are summarized in detail in Schenk v. Chavis, 461 F.3d 1043, 1044-1045. (8th Cir. 2006). They will be repeated here only as necessary for purposes of the pending motion to amend.

In early 2002, Larry Ryken applied for a building permit for a livestock operation in Yankton County, South Dakota. Karl Schenk was the chairman of the Yankton County Planning Commission. Tom Fiedler, the Zoning Administrator, sought advice from the Planning Commission and the County Commission regarding whether the building permit should be granted. The two commissions held a joint meeting on April 16, 2002. At the April 16 meeting, both commissions voted to recommend approval of the permit.

Fiedler took minutes of the April 16 meeting and distributed them to the Planning Commission members. Usually, the minutes were approved at the next meeting. The minutes were not, however, approved at the Planning Commission's May meeting. According to Mr. Schenk, the minutes were not approved because the Commission had "heard that Mr. Chavis was conducting an investigation into those minutes."

On July 15, 2002, a Yankton County taxpayer filed a lawsuit seeking to compel the approval and filing of the April 16 minutes. In connection with the taxpayer lawsuit, Mr. Schenk filed an affidavit on August 21, 2002, in which he asserted a draft form of the minutes had been delivered to Mr. Chavis for evaluation, but the Planning Commission had not heard from Chavis regarding the sufficiency of the minutes and they were waiting to receive a response from him. Chavis reviewed his files and determined the minutes had not been delivered to him. He denied he was the reason for the delay in approval and filing of the April 16 minutes. Chavis decided Schenk had committed perjury when Schenk filed the affidavit claiming the minutes had been delivered to Chavis for review. Based on this belief, Chavis signed and filed a criminal Complaint on August 23, 2002,

2

charging Schenk with perjury (CR 02-489). The Complaint was not supported by an affidavit of probable cause.

Chavis realized he would be called as a witness, thereby creating a conflict of interest. On August 28, 2002, he asked the South Dakota Attorney General's Office to prosecute the case, but it refused on September 4, 2002 (citing, among other reasons, the fact that the arrest warrant was issued upon a complaint which was unsupported by an affidavit of probable cause). On September 16, 2002, Chavis moved to disqualify himself and asked the Circuit Court Judge (Rusch) to appoint an independent prosecutor. On September 19, 2002, Judge Rusch sent a letter to Chavis explaining the appointment of a substitute prosecutor was discretionary. Judge Rusch was not willing to appoint a substitute prosecutor without some showing the case had merit. Judge Rusch explained that at that time, he had no way of knowing if the case had merit because (among other reasons) the Complaint was not accompanied by a probable cause affidavit.

Chavis dismissed the Complaint in CR 02-489 on September 20, 2002. Chavis signed an eighteen page "affidavit of probable cause" on September 23, 2002, and filed it in the dismissed criminal case (CR 02-489) on October 11, 2002 (Doc. 47, Ex. 2 attachment 25; Doc. 39, Ex. 9). Judge Rusch appointed a special prosecutor in CR 02-489 on November 25, 2002. Doc. 39, Ex. 10. A special grand jury convened on December 13, 2002 . Doc. 47, Ex. 2 attachment 25. Mr. Chavis testified before the grand jury, and his "affidavit of probable cause" was introduced into evidence. Id. The grand jury issued an indictment in a new criminal case against Mr. Schenk (CR 02-761) on that same date (December 13, 2002), charging him with two counts of perjury. Mr. Schenk was acquitted at trial.

Mr. Schenk and his wife sued Mr. Chavis (this lawsuit) in October, 2003. The Complaint recited several specific allegations regarding Chavis's conduct which the Schenks claimed was inappropriate and which they alleged subjected Chavis to liability for violating their civil rights and/or defamation or malicious prosecution. See e.g. Complaint at ¶ 11 a-h, 12 a-d, 16 a-d. One of the specific allegations was that Chavis "acted as an investigator and as complaining victim, causing Mr. Schenk's arrest without presentation to a grand jury, and without the filing of a probable cause affidavit." See ¶ 11d. The affidavit of probable cause which was filed in the closed criminal case (CR 02-489) was not specifically mentioned in the original Complaint.

3

When the parties made their cross motions for summary judgment, the affidavit of probable cause which was filed in the closed case was mentioned by both parties (see Doc. 37, p. 7, Doc. 60 p. 18, Doc. 63, p. 6-7) and was made an exhibit by Defendant Chavis. See Doc. 39, EX 9. It was not, however, the focus of much argument during the summary judgment briefing and the Schenks did not seek to amend their Complaint. Rather, the parties focused on the propriety of Chavis's commencement of criminal proceedings against Schenk in CR 02-489 by personally signing the criminal complaint and whether the criminal complaint, in the *absence* of an accompanying probable cause affidavit, was sufficient to support the arrest warrant.

On appeal, Schenks asserted this court's denial of summary judgment based on prosecutorial immunity pertained to the affidavit of probable cause rather than the criminal complaint. The Eighth Circuit, however, specifically found "that the Schenks' original claim was that Chavis violated Schenk's constitutional rights by filing the Complaint, not by filing the Affidavit of Probable Cause." Schenk v. Chavis, 461 F.3d 1043, 1045 (8th Cir. 2006). Schenk now seeks to amend his Complaint to add a claim to specifically allege Chavis violated his constitutional rights and defamed him when he (Chavis) filed the affidavit of probable cause in the closed criminal case.

## DISCUSSION

### The Law of the Case

When a case has been decided by an appellate court and remanded to the trial court, every question which was decided by the appellate court is finally decided and determined. United States v. Vertac Chemical Corp., 453 F.3d 1031, 1047 (8th Cir. 2006). The "law of the case" doctrine requires the trial court to follow the decision of the appellate court with respect to all issues addressed by the appellate decision. United States v. Huber, 462 F.3d 945, 953 (8th Cir. 2006). That the Schenks' original Complaint did not state a cause of action based on Chavis's affidavit of probable cause, therefore, is not open for debate. The only issue to be decided here is whether Mr. Schenk should be allowed to amend his Complaint to add a claim based on the affidavit of probable cause.

### Rule 15(a) and Rule 16(b)

Fed. R. Civ. P. 15(a) provides in part:

a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the

4

party may so amend at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires . . . .

Fed. R. Civ. P. 16(b) provides in part:

Except in categories of actions exempted by district court rule as inappropriate, the district judge, or a magistrate judge when authorized by district court rule, shall, after receiving the report from the parties under Rule 26(f) or after consulting with the parties and any unrepresented parties by a scheduling conference, telephone, mail, or other suitable means, enter a scheduling order that limits the time
(1)    to join other parties and to amend the pleadings;
(2)    to file motions; and
(3)    to complete discovery.
\*\*\*
The order shall issue as soon as practicable but in any event within 90 days after the appearance of a defendant and within 120 days after the complaint has been served on a defendant. A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge.

Schenk asserts his motion to amend should be granted pursuant to the liberality requirement of Rule 15(a) without regard to the "good cause" requirement of Rule 16(b). Rule 15(a) requires leave to amend should be "freely granted" when justice requires, but "there is no . . . absolute right to amend a pleading." Hammer v. City of Osage Beach, Missouri, 318 F.3d 832, 844 (8th Cir. 2003). Leave to amend is properly denied where there are compelling reasons such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the non-moving party, or futility of the amendment. Id. Plaintiff's motion to amend is made over two years after the Rule 16 deadline in this case. A district court does not abuse its discretion in refusing to allow an amendment of pleadings if the amendment is offered by a party after summary judgment is granted against that party, and no valid reason is given for the late amendment. Dairy Farmers of America v. Travelers Ins. Co., 292 F.3d 567, 576 (8th Cir. 2002). Usually, delay alone is insufficient reason to deny amendment; prejudice must also be shown. Moses.com Securities, Inc. v. Comprehensive Software Systems, Inc., 406 F.3d 1052, 1065 (8th Cir. 2005). A finding of undue delay and prejudice is supported where, as here, the deadline for amending pleadings has passed, discovery is closed, and dispositive motions have been made. Deutsche Financial Services Corp. v. BCS Insurance Co., 299 F.3d 692, 700 (8th Cir. 2002).

5

When the district court has entered a Rule 16 scheduling order, the Rule 16 "good cause" requirement should be considered in tandem with a Rule 15 motion to amend that is filed substantially out of time with the scheduling order. To do otherwise would effectively "read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." In Re: Milk Products Antitrust Litigation, 195 F.3d 430, 437-38 (8th Cir. 1999). The "good cause" requirement is the plaintiff's "first hurdle" when seeking to amend after the deadline established by a Rule 16 scheduling order. Deghand v. Wal-Mart Stores, 904 F.Supp. 1218, 1221 (D. Kansas 1995). The "good cause" standard primarily considers the diligence of the party seeking to amend. Id. Only after the Rule 16 "good cause" standard has been met does the more lenient Rule 15 standard become applicable. Smith v. United Parcel Services, 902 F.Supp. 719, 721 (S.D. W.Va. 1995).

Plaintiff Schenk asserts he diligently pursued his claims regarding the affidavit of probable cause, but it did not become clear that amendment to the Complaint was necessary until after the summary judgment proceedings at the district court level and the Eighth Circuit remand. That the need to amend does not become clear until other parties or allegations in the complaint are dismissed, however, does not constitute "good cause." Milk Products, 195 F.3d at 437-38. See also Smith v. United Parcel Service, 902 F.Supp. 719, 721 (S.D. W.Va. 1995) (that party failed to appreciate the need to allege a claim until after the court noted its absence does not satisfy good cause requirement of Rule 16(b)). The party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines, and even if there is no prejudice to the opposing party, the lack of prejudice does not show "good cause." Deghand, 904 F.Supp. at 1221 (citations omitted). There has been no showing Schenk was unaware Chavis filed the affidavit of probable cause in the closed criminal case before time expired for amending pleadings. The affidavit was discussed by both parties during the summary judgment process, but it was nonetheless not made a part of the claims in Plaintiff's Complaint until after the appeal was decided. That Plaintiff was aware of the claim but did not expressly assert it does not constitute a showing that he could not have reasonably met the scheduled deadline.

## CONCLUSION

Liberality in amendment must be balanced with "the proposition that there must be an end finally to a particular litigation." The value of the summary judgment procedure would be minimized if a party were free to rely on one theory to defeat a motion for summary judgment and

6

then, if that theory fails, amend his complaint to assert a different theory. Freeman v. Continental Gin Co., 381 F.2d 459, 469-70 (8th Cir. 1967).

Rule 15(a) amendments may be allowed even after remand. Spyrcznatyk v. General Motors Corp., 771 F.2d 1112 (8th Cir. 1985) and City of Columbia, Mo. V. Paul Howard Co., 707 F.2d 338 (8th Cir. 1983). Neither Spyrcznatyk nor City of Columbia, however, discussed or dispensed with the "first hurdle" of the Rule 16 "good cause" requirement. Good cause for amending Karl Schenk's Complaint over two years after the Rule 16 deadline, after discovery has closed, after dispositive motions have been made, ruled upon, appealed and remanded and after the case had been pending for nearly three years has not been shown. Plaintiff Karl Schenk's motion to amend will therefore be denied.

## ORDER

Now, therefore, it is ORDERED:

(1) Plaintiff Karl Schenk's Motion for Leave to File Amended Complaint (Doc. 82) is DENIED;

(2) The Court having previously granted Defendant's motion for summary judgment in all respects except the question of Defendant's entitlement to absolute immunity regarding the criminal complaint, and the Eighth Circuit having now held that Defendant is entitled to absolute immunity on that issue, it is further ORDERED that Plaintiff's Complaint is DISMISSED in its entirety, with prejudice and on the merits.

Dated this 20th day of November, 2006.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:

JOSEPH HAAS, Clerk

By _____, Deputy

7